# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BESSEMER TRUST COMPANY, N.A., ) <br> and THOMAS R. DWYER, ) <br> CO-TRUSTEES OF THE FAIL FAMILY ) <br> TRUST, DATED DECEMBER 18, 1996, ) <br> AS AMENDED FROM TIME TO TIME, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> G.N. FURSETH, OIL & GAS ) <br> PRODUCER, G.N. FURSETH, ) <br> Individually, G.N. FURSETH AS ) <br> TRUSTEE OF THE GERALD N. ) <br> FURSETH REVOCABLE TRUST ) <br> DATED APRIL 29, 1998, and ) <br> FURSETH FAMILY, LLC, ) <br> ) <br> Defendants. ) | Case No. CIV-12-1153-M |

## **ORDER**

Before the Court is defendants' Motion for Protective Order, filed August 9, 2013. On August 12, 2013, plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs filed the instant action on October 19, 2012. Plaintiffs generally allege that defendants, specifically, defendant G.N. Furseth, defrauded plaintiffs by inflating "drilling" and "completion" costs on hundreds of oil and gas wells in order to charge million of dollars of hidden fees and carried interests. The discovery deadline in this case is November 1, 2013, and the case is set on the Court's December 2013 trial docket.

On May 1, 2013, plaintiffs' counsel sent defendants' counsel a copy of a proposed Second Amended Complaint and asked whether defendants would agree to the amendments. Defendants did not object to the proposed amendments. Upon obtaining leave of court, plaintiffs filed a Second

Amended Complaint, adding claims against Furseth Family LLC and asserting the discovery rule, continuing wrong doctrine, and fraudulent concealment in response to defendants' assertion of applicable statutes of limitations in their Answer. On July 12, 2013, plaintiffs filed a Motion for Leave to File Third Amended Complaint in order to correct the date of the Fail Family Trust in the style of the action but otherwise making no change. The Court granted plaintiffs' unopposed motion, and on July 12, 2013, plaintiffs filed the Third Amended Complaint.

On June 21, 2013, plaintiffs' counsel sent an email to defendants' counsel memorializing a conversation regarding discovery and plaintiffs' request for depositions of Mr. Furseth, Sherry Furseth (Mr. Furseth's daughter), and Mr. Furseth's two assistants, Nancy Daniel and Shirley Frazier, to occur in "late July or early August." Two weeks later, on July 3, 2013, defendants' counsel responded, agreeing to August depositions and requesting two days during any of the final three weeks of August to conduct the depositions. After reconfirming the deposition dates for Mrs. Frazier and Mrs. Daniel, plaintiffs sent notices for their depositions to defendants on July 24, 2013.[1] Defendants refused to firmly commit to a deposition date for Mr. Furseth in August, and on July 31, 2013, plaintiffs issued a notice for his deposition to occur on August 29, 2013.

On August 7, 2013, defendants' counsel sent correspondence to plaintiffs' counsel requesting that the parties agree to reschedule the depositions. Defendants' counsel advised that the request was made because: (1) defendants intend to retain new lead counsel in this case; (2) defendants are filing an application to extend all current deadlines in this matter; (3) defendants want to ensure that all producible documents necessary for plaintiffs to conduct the depositions have been produced;

---

[1] The video deposition of Mrs. Frazier is to occur on August 13, 2013, and the video deposition of Mrs. Daniel is to occur on August 14, 2013.

2

(4) plaintiffs have filed since April 2013 two amended complaints adding additional allegations, parties and properties to the lawsuit; and (5) plaintiffs have not supplemented their initial disclosures in light of the new allegations. Defendants' counsel further offered to work cooperatively in rescheduling the depositions during the weeks of September 16 and/or September 23, 2013. Plaintiffs' counsel did not agree to defendants' request.

Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order preventing the depositions of Mr. Furseth, Mrs. Frazier, and Mrs. Daniel from occurring as prescribed in the notices. Rule 26(c) provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A)    forbidding the disclosure or discovery;
> (B)    specifying terms, including time and place, for the disclosure or discovery; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for its request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Defendants assert that due to new lead counsel's recent involvement in this case, as well as plaintiffs' filing of amended complaints, requiring the depositions to proceed would create an undue

burden on defendants. Defendants further assert that new lead counsel for defendants needs time to review the documents in this case and become familiar with the facts and legal issues. Defendants also state that new lead counsel expects to enter an appearance early next week and former lead counsel for defendants will soon file an application for leave to withdraw. Finally, defendants state that their counsel will work to reschedule the depositions in a manner that minimizes any inconvenience to plaintiffs or their counsel.

Plaintiffs contend that defendants have failed to show that any "annoyance, embarrassment, oppression, or undue burden or expense" will result from the depositions, much less that good cause exists to issue a protective order as required by Rule 26(c). Plaintiffs assert that defendants' motion is nothing more than an effort to obstruct discovery in a case that has been pending for eleven months and cause additional delay such that a December trial date becomes impossible. Plaintiffs further assert that defendants' decision to retain a third law firm and fifth lawyer days before depositions begin and only four months before trial is a decision by defendants, not plaintiffs, and defendants are seeking to use their own decision to retain new counsel as a basis to argue that three pre-arranged depositions of party employees are somehow unduly burdensome and should be quashed. Plaintiffs also assert that defendants' claim of undue burden is further undermined by the fact that Mr. Hickman, defendants' counsel, has represented defendants in this matter since 2010, is intimately familiar with the issues in this case, and is fully capable of representing defendants at these depositions and that defendants offer no reason why his attendance is no longer possible.

Additionally, plaintiffs contend that defendants fail to show how the filing of plaintiffs' second and third amended complaints make the upcoming depositions unduly burdensome. Defendants agreed to the August depositions after the second amended complaint was filed, and the

4

third amended complaint was filed only to correct the date of the Fail Family Trust. Finally, plaintiffs contend that they will suffer enormous prejudice, as well as undue burden and expense, if the motion is granted and the depositions are not permitted to proceed as scheduled. Plaintiffs' counsel has devoted significant time and attorney hours to preparing for these depositions and has made all arrangements, including travel arrangements, necessary for the depositions.

Having carefully reviewed the parties' submissions, the Court finds that defendants have not set forth good cause for preventing the depositions of Mr. Furseth, Mrs. Frazier, and Mrs. Daniel from occurring as prescribed in the notices. Specifically, the Court finds that defendants have not met their burden of showing that taking the depositions would cause defendants annoyance, embarrassment, oppression, or undue burden or expense. Further, because the second amended complaint was filed well before these depositions were scheduled, and the third amended complaint merely corrects the date of the Fail Family Trust in the style of the action, the Court finds plaintiffs' filing of these complaints provides no cause for preventing these depositions from occurring. Additionally, the Court finds that defendants only set forth conclusory statements regarding the impact the involvement of new lead counsel for defendants has on the taking of these depositions and do not provide the particular and specific demonstration of fact required for the granting of a protective order.

Accordingly, the Court DENIES defendants' Motion for Protective Order [docket no. 47] and ORDERS that the depositions of Mr. Furseth, Mrs. Frazier, and Mrs. Daniel proceed as scheduled.

**IT IS SO ORDERED this 12th day of August, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE